United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40556
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

NATHAN GONZALES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-197-1-TH-WCR
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Nathan Gonzales appeals his 160-month sentence imposed

following his guilty plea to possession with intent to distribute

a controlled substance and carrying a firearm during and in

relation to a drug-trafficking offense.  Gonzales argues that his

codefendant received a lesser sentence than he did because the

codefendant was not charged under 18 U.S.C. 924(c) although he

had equal access to the firearm possessed during the offense.

Gonzales argues that he should have received equal punishment for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the same offense.  The district court denied Gonzales' motion for a downward departure, finding it unwarranted based on the facts of the case.

The court has jurisdiction to review a refusal to downwardly depart from the guideline sentencing range only if the district court based its decision on an erroneous belief that it lacked the authority to depart.  United States v. Buck, 324 F.3d 786, 797 (5th Cir. 2003).  Gonzales does not argue, nor does the record indicate, that the district court believed it did not have the authority to make a downward departure.  See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).  This court lacks jurisdiction to review the denial of Gonzales' motion for a downward departure.  See Buck, 324 F.3d at 797.  Accordingly, Gonzales' appeal of this issue is DISMISSED for lack of jurisdiction.  See Landerman, 167 F.3d at 899.

Gonzales also argues that it was a violation of prosecutorial discretion to file an additional charge against him which resulted in his receiving a more severe punishment than his codefendant.  He argues that the prosecution violated his rights under the Due Process Clause by not charging him in the same manner as his codefendant.

The Government has broad discretion in enforcing federal criminal laws.  United States v. Armstrong, 517 U.S. 456, 464 (1996).  A "presumption of regularity" supports prosecutorial decisions and courts presume prosecutors have properly discharged

their official duties absent clear evidence to the contrary.  Id. (citation omitted).  To establish a selective-prosecution claim, a defendant has a "heavy burden."  United States v. Johnson, 577 F.2d 1304, 1308 (5th Cir. 1978) (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2nd Cir. 1974)).  First, a defendant must make a prima facie showing that he was singled out for prosecution while others similarly situated who committed the same acts were not prosecuted.  United States v. Jennings,  724 F.2d 436, 445 (5th Cir. 1984).  Second, he must demonstrate that the government's selective prosecution was constitutionally invidious in that it rested upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.  Id; Johnson, 577 F.2d at 1308.

Gonzales has presented no evidence to rebut the presumption of regularity supporting the Government's decision to prosecute him under 18 U.S.C. § 924(c).  He does not assert that he was prosecuted based on his race or religion or to prevent his exercise of a particular constitutional right.  Gonzales has thus not carried the "heavy burden" necessary to show that he was selectively prosecuted.

Gonzales' appeal of the district court's denial of his motion for a downward departure is DISMISSED for lack of jurisdiction.  His sentence is otherwise AFFIRMED.